PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PERCY SQUIRE, *et al.*, | ) | |
| | ) | CASE NO. 4:11CV1437 |
| Petitioners, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| THE FEDERAL COMMUNICATIONS | ) | |
| COMMISSION, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 6] |

    This action is before the Court upon Respondent the Federal Communications Commission's ("FCC") Motion to Dismiss Petition for Writ of Mandamus (ECF No. 6). The Court has reviewed the memorandum in support (ECF No. 6-1), memorandum in opposition (ECF No. 8), and reply memorandum (ECF No. 9). For the reasons that follow, the Motion to Dismiss is granted.

    The Media Bureau entered an order granting applications to assign radio broadcast station licenses. On July 13, 2011, Percy Squire, Esq. filed a Verified Petition for a Writ of Mandamus (ECF No. 1) pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) on behalf of himself and Percy

(4:11CV1437)

Squire Co., LLC.[1]  The petition seeks an order from this Court to compel the FCC "to discharge its statutory and regulatory mandate by 1) taking action on Petitioners' long pending Application for FCC Review of the Media Bureau's approval of the application to transfer the radio licenses" of several radio broadcast stations and 2) "to determine whether the public interest would be served by revoking the previous authorization to transfer the stations. . . ." ECF No. 1 at 1.

Respondent moves the Court to dismiss the Verified Petition for a Writ of Mandamus (ECF No. 1) pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. Petitioners have made clear that they are challenging an allegedly unreasonable delay by the FCC in acting on Petitioners' Application for FCC Review involving the transfer of control of five broadcast radio station licenses.  See ECF No. 8 at 2 ("The FCC has permitted Petitioner's application for review to lie dormant for over five years.").

The Court holds that this Court has no jurisdiction to review a challenge to an FCC action concerning radio licensing activities.  47 U.S.C. § 402(b) commits exclusive jurisdiction to review FCC radio licensing actions to the United States Court of Appeals for the District of Columbia.  The D.C. Circuit's exclusive jurisdiction encompasses "jurisdiction over 'any suit seeking relief that might affect' its future statutory power of review." *La Voz Radio de la*

---

[1] On November 3, 2011, the Ohio Supreme Court indefinitely suspended the law license of Mr. Squire for professional misconduct in his dealings with multiple clients. *Disciplinary Counsel v. Squire*, 958 N.E.2d 914 (2011).  On January 10, 2012, this Court suspended Mr. Squire from the right to practice law in the Northern District of Ohio for an interim period.  Attorney Disciplinary Order No. 2012-1.

A limited liability company ("LLC") cannot appear in court through a principal of the LLC or an appointed agent not admitted to the practice of law.  *Gass v. Headlands Contracting & Tunneling, Inc.*, No. 2008-G-2841, 2008 WL 4964656 (Ohio App. 11th Dist. Nov. 21, 2008).

(4:11CV1437)

*Communidad v. FCC*, 223 F.3d 313, 318 (6th Cir. 2000), quoting *Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d 70, 75 (D.C. Cir. 1984). *See also George Kabeller, Inc. v. Busey*, 999 F.2d 1417, 1421-22 (11th Cir. 1993) (holding that when ultimate authority to review an action lies in the court of appeals, any unreasonable delay claim relating to the court's prospective jurisdiction also lies in the court of appeals). Therefore, Respondent is entitled to an order dismissing the Verified Petition for a Writ of Mandamus (ECF No. 1) in the within action.

Respondent's Motion to Dismiss Petition for Writ of Mandamus (ECF No. 6) is granted.

IT IS SO ORDERED.

| | |
|---|---|
| January 26, 2012 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |